IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR S-06-0488-DLJ-CMK<br>CIV S-08-0200-DLJ-CMK |
| Respondent, | |
| vs. | FINDINGS AND RECOMMENDATIONS |
| RUBEN FERNANDEZ-RAMOS, | |
| Movant. | |

Movant, a federal prisoner proceeding pro se, brings this motion to correct or set aside a criminal judgment pursuant to 28 U.S.C. § 2255.[1]  Movant's motion will be addressed separately.  Movant has also filed a motion to modify his sentence (Doc. 24).

Movant's motion to modify his sentence (Doc. 24) is construed as a Rule 35 motion.  See Fed. R. Crim. Proc. 35.  According to Rule 35, the court may correct a sentence that resulted in clear error within seven days after sentencing.

In this matter, judgment was entered on May 23, 2007, and movant was sentenced the same day.  More than seven days have passed since movant was sentenced.  Therefore, under

---

[1] This matter has been referred to the undersigned pursuant to 28 U.S.C. § 636 and Rule 8(b) of the Federal Rules Governing Section 2255 Proceedings.

1

Rule 35, the court cannot modify his sentence.

However, movant's motion to modify his sentence was filed after his § 2255 motion to vacate (Doc. 21) and it is unclear to the undersigned movant's intention. To the extent movant's motion to modify his sentence raises the same issues as those raised in his § 2255 motion, those issues will be address in due course. However, the undersigned finds that it might have been movant's intention to add substantive claims to his § 2255 motion. If that is the case, movant is informed that he is required to file an amended motion to raise additional claims.

Based on the foregoing, the undersigned recommends that movant's motion to modify his sentence (Doc. 24) be denied as untimely.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 20 days after being served with these findings and recommendations, any party may file written objections with the court.[2] The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: April 24, 2008

_____
CRAIG M. KELLISON
UNITED STATES MAGISTRATE JUDGE

---

[2] If it is movant's intention to add substantive claims to his § 2255 motion, he may file an amended § 2255 motion in leu of objections to these findings and recommendations.

2