IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | | No. CR S-06-0488-JAM-CMK |
| | Respondent, | |
| | vs. | FINDINGS AND RECOMMENDATIONS |
| RUBEN FERNANDEZ-RAMOS, | | |
| | Movant. | |
| _____/ | | |

Movant, a federal prisoner proceeding pro se, brings this motion to correct or set aside a criminal judgment pursuant to 28 U.S.C. § 2255.  Pending before the court is respondent's unopposed motion to dismiss (Doc. 31).

In its motion to dismiss, respondent notes that movant was convicted and sentenced pursuant to a knowing and voluntary plea agreement.  This agreement contained an express waiver of any collateral challenge under § 2255.  A waiver contained in a valid plea agreement is enforceable and deprives the court of jurisdiction.  See Unites States v. Anglin, 215 F.3d 1064, 1066 (9th Cir. 2000); see also United States v. Abarca, 985 F.2d 1012 (9th Cir. 1992). A plea agreement is valid if it is entered into knowingly and voluntarily.  See United States v. Kaczynski, 239 F.3d 1108 (9th Cir. 2001).  The scope of the waiver is "demonstrated by the

1

1  express language of the plea agreement." Anglin, 215 F.3d at 1066.

2  Whether a plea agreement was made "knowingly and voluntarily" depends on the
3  circumstances surrounding its signing and entry. See Anglin, 215 F.3d at 1066 (citing United
4  States v. Bolinger, 940 F.2d 478, 480 (9th Cir. 1991)).  While a plea colloquy pursuant to Federal
5  Rule of Criminal Procedure 11 is not a prerequisite to a valid waiver, see United States v.
6  Michlin, 34 F.3d 896, 898 (9th Cir. 1994), the district court's oral pronouncements are also
7  relevant, see United States v. Navarro-Botello, 912 F.2d 318, 321 (9th Cir. 1990).  Where the
8  trial judge's unambiguous oral pronouncement differs from the written plea agreement, the oral
9  pronouncement controls.  See United States v. Buchanan, 59 F.3d 914, 917 (9th Cir. 1995).  This
10 is because the Ninth Circuit places a ". . . premium on a defendant's ability to trust a district
11 court's statements. . . ." Anglin, 213 F.3d at 1067 (citing Buchanan, 59 F.3d at 917-18)).

12  In this case, a review of the transcript of the hearing at which movant accepted a
13 plea agreement reflects that there can be no doubt that movant entered into a knowing and
14 voluntary plea agreement and that movant expressly waived any right to file a collateral
15 challenge to the conviction or sentence.  Because the plea agreement was made knowingly and
16 voluntarily, and movant does not argue otherwise, respondent's motion to dismiss should be
17 granted.
18 / / /
19 / / /
20 / / /
21 / / /
22 / / /
23 / / /
24 / / /
25 / / /
26 / / /

Based on the foregoing, the undersigned recommends that respondent's motion to dismiss (Doc. 31) be granted.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days after being served with these findings and recommendations, any party may file written objections with the court.  Responses to objections shall be filed within 14 days after service of objections.  Failure to file objections within the specified time may waive the right to appeal.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: June 22, 2011

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE